THOMPSON et al. v. UNITED STATES
(QUANAH, A. & P. RY. CO.,
Intervener).

No. 12144.

District Court, E. D. Missouri, E. D.

Oct. 19, 1937.

H. H. Larimore, of St. Louis, Mo. (H. C. Barron and A. B. Enoch, both of Chicago, Ill., Robert W. Thompson, of Dallas, Tex., Baker, Botts, Andrews & Wharton, of Kansas City, Mo., and R. S. Outlaw, of Chicago, Ill., on the brief), for plaintiffs.

E. M. Reidy, of Washington, D. C. (D. W. Knowlton, of Washington, D. C., on the brief), for defendant Interstate Commerce Commission.

H. C. Blanton, U. S. Atty., of Sikeston, Mo., for the United States.

R. E. Quirk, of Washington, D. C., for intervener.

Before SANBORN, Circuit Judge, and DAVIS and MOORE, District Judges.

PER CURIAM.

The facts out of which this controversy arises are, in substance, as follows:

The Interstate Commerce Commission in 1932, in a proceeding known as No. 17,000, Rate Structure Investigation, Part 8, Cottonseed, Its Products, and Related Articles, 188 I.C.C. 605, prescribed carload rates to be applied by rail carriers, including the plaintiffs, to the transportation of

cottonseed, its products and related articles after October, 3, 1934. Prior to that date, joint commodity rates on cottonseed, etc., were in effect between various points over routes embracing the line of the Quanah, Acme & Pacific Railway Company (hereinafter referred to as the Quanah), a connecting carrier with 127.73 miles of track, the main line of which extends from Quanah, Tex., to Floydada, Tex., a distance of 110.9 miles.

Subsequent to the entry of the Commission's order in No. 17,000, Part 8, the plaintiffs and other carriers filed with the Commission schedules providing for joint through rates on cottonseed, etc., over routes to which through class rates were then applicable. These schedules did not provide for joint rates over routes embracing the Quanah, because the rates prescribed by the Commission were based on varying percentages of existing first-class rates, and no through class rates were then in effect over routes embracing the Quanah. If these schedules became effective, the through rate over such routes (those embracing the Quanah) would be made up of a combination of rates to and from intermediate local points, which combination would be higher than joint rates over other corresponding routes. This would have had the practical effect of eliminating or closing routes embracing the Quanah so far as the class of traffic here involved is concerned.

The Commission, upon further consideration, 205 I.C.C. 15, found that the rates prescribed by it in No. 17,000, Part 8, should apply over routes embracing the Quanah, but without prejudice to the filing by the carriers of new schedules eliminating routes in connection with the Quanah which might be shown to be excessively circuitous or otherwise not justifiable. An appropriate order was entered, pursuant to which the carriers affected filed schedules providing for joint rates over routes embracing the Quanah.

Thereafter, various carriers filed tariffs effective January 20, 1935, to cancel the application of joint rates over such routes (routes embracing the Quanah) on cottonseed, etc. These tariffs were suspended by the Commission. At the same time the Commission instituted a proceeding designated as Investigation and Suspension Docket No. 4069, Routing Via Quanah, Acme & Pacific Railway Company, reopened the rate proceeding No. 17,000,

Part 8, and consolidated the two proceedings for the purpose of determining over what routes embracing the Quanah the prescribed rates should apply. In the consolidated proceeding, Routing via Quanah, Acme & P. R. Co., 211 I.C.C. 443, the Commission found: That a variety of routes would be in the public interest, but that, for economical transportation, there should be a limitation as to the circuity of routes maintained; that the prescribed joint through rates on cottonseed, etc., over routes embracing the Quanah should not apply where the circuity of the routes exceeded a formula prescribed by the Commission; that the suspended schedules had not been justified and should be canceled, without prejudice to the filing of new schedules conforming to the circuity limitations established by the Commission; and that the rates previously prescribed for cottonseed, etc., should apply to shipments over routes in connection with the Quanah when such routes were within the established circuity limitations. Orders in conformity with these findings were entered.

Certain of the railroads involved in the consolidated proceeding (plaintiffs herein) filed suit in this court to set aside and enjoin the enforcement of those orders on the ground that they compelled such carriers to establish through routes which would short-haul them in violation of section 15 (4) of the Interstate Commerce Act (49 U. S.C.A. § 15(4), and also required them to engage in transportation at less than rates found to be reasonable by the Commission.

Section 15(4) of the act, in so far as material, provides: *"Through routes to embrace entire length of railroad; temporary through routes.* In establishing any such through route the commission shall not (except as provided in section 3, and except where one of the carriers is a water line), require any carrier by railroad, without its consent, to embrace in such route substantially less than the entire length of its railroad and of any intermediate railroad operated in conjunction and under a common management or control therewith, which lies between the termini of such proposed through route, unless such inclusion of lines would make the through route unreasonably long as compared with another practicable through route which could otherwise be established. * * *"

Section 3 of the act (49 U.S.C.A. § 3), referred to in the section above quoted,

provides in part: "(3) *Interchange of traffic*. All carriers, engaged in the transportation of passengers or property, subject to the provisions of this chapter, shall, according to their respective powers, afford all reasonable, proper, and equal facilities for the interchange of traffic between their respective lines, and for the receiving, forwarding, and delivering of passengers or property to and from their several lines and those connecting therewith, and shall not discriminate in their rates, fares, and charges between such connecting lines, or unduly prejudice any such connecting line in the distribution of traffic that is not specifically routed by the shipper."

This court held [Missouri Pac. R. Co. v. U. S. (D.C.) 16 F.Supp. 752] that such orders were unauthorized, since the Commission had not found that the routes published by the carriers were unreasonably long, or that the carriers in publishing routings failed to afford all reasonable, proper, and equal facilities for the interchange of traffic between their respective lines and lines connecting therewith, or that the carriers discriminated in their rates, fares, and charges between connecting lines, or prejudiced any connecting lines in the distribution of traffic not routed by the shipper. The court held that, in the absence of such findings (either that the routes were unreasonably long or that there was prejudice or discrimination under section 3), the Commission could not interfere with the carriers' rights under section 15(4) to reserve to themselves their long hauls. A decree was entered enjoining the enforcement of the Commission's orders challenged in that suit, and no appeal was ever taken from that decree.

After the entry of that decree, upon petition by the Quanah, the Commission reopened the consolidated proceeding for reconsideration. No additional testimony was taken. On February 8, 1937, the Commission issued the report and the order which give rise to this suit. In the report the Commission held that the provisions of section 15 of the Interstate Commerce Act (49 U.S.C.A. § 15), relative to through routes and joint rates, must be regarded in the light of sections 1 and 3 (49 U.S.C.A. §§ 1, 3), and that the carriers, when canceling joint rates, must therefore leave in effect over the routes affected by such cancellation "rates which, although combinations, are not in excess of maximum reasonable rates for the service rendered over such routes [section 1], and may not by such cancellations create undue prejudice, preference and discrimination [section 3]."

The report of the Commission contained a formula for determining permissible circuity of routes. It is unnecessary to set forth the formula, because no question as to its propriety is presented.

The Commission found: (1) That the carriers had not justified as just and reasonable the combination rates over routes as to which they sought to cancel their joint rates; (2) that where the through routes maintained by the carriers in order to retain their long hauls exceeded the shortest distance between point of origin and point of destination, as defined in the circuity formula established by the Commission, by more than the circuity therein allowed, such routes were unreasonably long as compared with other through routes embracing the Quanah and not exceeding such circuity limits, but which routes would short-haul the carriers; (3) that the maintenance of the prescribed joint rates over the present through routes not embracing the Quanah, but exceeding the circuity limits, whether or not such routes reserved to the carriers their long hauls, while failing and refusing to maintain the same joint rates over shorter through routes embracing the Quanah and not exceeding the circuity limits, whether or not such shorter route short-hauls the carrier, is unduly prejudicial to, and discriminatory against, the Quanah, and unduly preferential of the lines embraced in the longer routes, in violation of section 3(3) of the act; and (4) that the maintenance of the prescribed joint rates by the carriers, over through routes which are within the circuity limits, which routes do not embrace the Quanah but do not reserve to the carriers their long hauls, while failing to maintain the same joint rates over corresponding routes embracing the Quanah when such routes are within the circuity limits, even though such routes deprive the carriers of their long hauls, is unduly prejudicial to, and discriminatory against, the Quanah, and unduly preferential of the lines embraced in such through routes which exclude the Quanah.

The Commission's order, based upon those findings, required the carriers, on or before June 17, 1937, to cease and desist from practicing the undue prejudice, discrimination, and preference found to exist, and to establish and maintain "rates,

routes, charges, regulations, and practices" which would prevent and avoid such undue prejudice, discrimination, and preference.

The plaintiffs contend: (1) That the Commission's order violates section 15(4) of the Interstate Commerce Act (49 U.S. C.A. § 15(4), in that it requires the plaintiffs to establish and maintain through routes which include substantially less than the plaintiffs' entire lines lying between the termini of such routes. (2) That the Commission's order requires the plaintiffs to apply a rate prescribed for a certain distance to a longer distance, thereby requiring the transportation of freight at less than reasonable rates.

The evidence upon which the Commission's findings are based is not before us, and we must therefore take the facts to be as found by the Commission. Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, 286, 287, 54 S.Ct. 692, 693, 694, 78 L.Ed. 1260, and cases there cited.

The only question with which we are concerned is whether the findings of the Commission furnish a sufficient basis for its order.

The Commission, by virtue of section 15(3) of the Interstate Commerce Act (49 U.S.C.A. § 15(3), has the power and duty, "whenever deemed by it to be necessary or desirable in the public interest," to "establish through routes, joint classifications, and joint rates." The power and duty with respect to through routes is subject only to the restriction, contained in section 15(4), 49 U.S.C.A. § 15(4) that the Commission (except as provided in section 3 [49 U.S.C. A. § 3] and except where one of the carriers is a water line) shall not require a carrier, without its consent, to include in a through route substantially less than its entire line and the line of any other railroad operated under a common management lying between the termini of such proposed through routes, "unless such inclusion of lines would make the through route unreasonably long as compared with another practicable through route which could otherwise be established."

The Commission's order, as we read it, affects two classes of routes established by the plaintiffs in their published schedules. The first class includes all of those routes, whether or not they reserve to the plaintiffs their long hauls, which exceed the circuity limits prescribed by the Commission.

These routes the Commission found to be unreasonably long, thereby bringing them within the exception to section 15(4). The second class includes all of those routes which are not unduly circuitous, but which do not reserve to the plaintiffs their long hauls. These routes, of course, never came within the purview of section 15(4), since that subdivision relates only to long-haul routes which are not unreasonably circuitous, a class of routes not specifically dealt with by the Commission's order. The Commission then found that the maintenance by the carriers of joint through rates over routes included in the two classes above described, while failing and refusing to establish or maintain the same joint rates over corresponding routes embracing the Quanah, is unduly prejudicial and discriminatory against the Quanah, and unduly preferential of the lines embraced in the described routes over which joint rates are in effect, all in violation of section 3(3) of the act (49 U.S.C.A. § 3(3).

Since the long-haul routes found to be unreasonably long were by that finding excluded from the effect of section 15(4), and the routes which do not reserve to the plaintiffs their long hauls never came within the scope of section 15(4), it is plain, as the plaintiffs virtually concede, that the Commission did not and could not have exceeded its authority in merely ordering the plaintiffs to remove a discrimination existing by reason of the maintenance of joint rates over those routes and not over similar routes embracing the Quanah. However, the plaintiffs insist that the Commission has by its order prevented them from exercising their right to elect which of two alternative methods of removing the discrimination found to exist they will adopt, i. e., canceling out the joint rates over the routes covered by the Commission's order, or establishing similar joint rates over corresponding routes embracing the Quanah. The plaintiffs base this contention upon the following language in the Commission's report: "But the provisions of section 15 with reference to through routes and joint rates do not stand alone; they must be considered in the light of other provisions of the act, including sections 1 and 3. Therefore, respondents' statement of the law must be qualified by a proviso that respondents, when canceling joint rates, must leave in effect over such routes rates which, although combinations, are not in excess of maximum reasonable

rates for the service rendered over such routes. * * *"

This language, it is contended, prevents the cancellation by the plaintiffs of the joint rates over routes covered by the Commission's order, and forces them to remove the discrimination found to exist, by establishing joint rates over through routes embracing the Quanah, thereby compelling them to short-haul themselves in violation of section 15(4). It appears to be the position of the plaintiffs that if they are forced to establish joint rates over all of the routes which are affected by the Commission's order and over corresponding routes which embrace the Quanah, the effect will be to equalize rates on all routes whether they embrace the Quanah or not, whether they are unreasonably long or not, whether they short-haul the carriers or not, and whether they are referred to in the Commission's report and order or not. The Commission denies that its order and report prevent the plaintiffs from adopting either of the alternative methods of removing the discrimination found to exist. It asserts that the plaintiffs may establish joint rates over the routes embracing the Quanah, or 'may cancel out the established joint rates over those routes which the Commission has found to be unreasonably long and those which do not reserve to the plaintiffs their long haul; that, if the latter method be adopted, the plaintiffs are subject only to the requirement that the combination rates left in effect on routes embracing the Quanah shall be reasonable. In that connection, the Commission, in its brief, states: "For aught that the Commission knows, maximum reasonable rates over the routes over which plaintiffs seek to cancel the joint rates may be greater than the joint rates, and may be less than the full combination of rates, or may be equal to the full combination of rates."

The Commission has made no specific finding that the combination rates left in effect over the routes as to which the plaintiffs have attempted to cancel the joint rates (routes embracing the Quanah) are unreasonable, although it has found that the plaintiffs have not shown them to be reasonable. It has not ordered the cancellation of schedules now in effect. It has required the revision of such schedules to the extent necessary to remove the discrimination which it has found to exist. Plaintiffs' theory that the Commission, if permitted to pass upon the reasonableness of

combination rates left in effect upon cancellation of the joint rates over routes which are found to discriminate against the Quanah, will use such power to require the plaintiffs to short-haul themselves, assumes that the Commission will approve only combination rates over routes embracing the Quanah which are no higher than the joint rates in effect over existing noncircuitous long-haul routes. Such an assumption, it seems to us, is prophetic and conjectural, and furnishes no adequate basis for injunctive relief.

If the plaintiffs shall cancel the joint rates now in effect over circuitous long-haul routes and over noncircuitous routes which do not reserve to them their long hauls, it would seem to be within the power of the Commission, under section 1 (49 U.S.C.A. § 1), to require the plaintiffs to show that the combination rates left in effect are reasonable and not otherwise unlawful, as well as to pass upon the reasonableness and lawfulness of such rates, provided only that the Commission shall not use its power to deal with rates for the purpose of depriving the plaintiffs of their rights, under section 15(4), to their long hauls over noncircuitous routes.

Compare Atchison, Topeka & Santa Fe Railway Co. v. United States, 279 U.S. 768, 776, 777, 49 S.Ct. 494, 497, 73 L.Ed. 947, in which the Supreme Court said: "The broad power to pass on the reasonableness of rates conferred upon the Commission in 1887 has not been in terms limited by any amendatory act. On the other hand, there has been much legislation designed to make the power more effective. The special power to establish through routes and joint rates was not conferred until 1906. Act of June 29, 1906, c. 3591, § 4, 34 Stat. 584. There is not, in that act as amended, (see United States v. American Express Co., 265 U.S. 425, 430, 44 S.Ct. 560, 68 L.Ed. 1087, note 2), or in any decision of this court construing it, or in any of the decisions of the Commission applying it, to which attention has been called, the slightest basis for the suggestion that, in conferring the restricted power to establish through routes, Congress intended to limit the theretofore unrestricted power of the Commission to pass upon the reasonableness of rates. Compare Nashville, Chattanooga & St. Louis Ry. v. Tennessee, 262 U.S. 318, 323, 43 S.Ct. 583, 67 L.Ed. 999."

A finding by this court that the order complained of was entered for the purpose

of ultimately depriving the plaintiffs of their rights under section 15(4) would require some more substantial basis than assertion, conjecture, and suspicion, in view of the Commission's findings by which we are bound.

■ There is no merit in the plaintiffs' contention that the order is void because it requires them to transport cottonseed, etc., over longer routes for a rate found by the Commission to be reasonable for the shortest route. The presumption must be, in the absence of evidence to the contrary, that the Commission, in fixing the rate for the shortest route, fixed it at a figure which would be compensatory for all routes not unreasonably long.

■ Our conclusion is that the plaintiffs are not entitled to an injunction, and that this suit should be dismissed at their costs.

Counsel for the defendants may present appropriate findings of fact, conclusions of law, and decree.